NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **KUEHNE CHEMICAL COMPANY, INC.,** | Civ. No. 2:14-05630 (WJM) |
| **Plaintiff,** | |
| v. | **OPINION** |
| **ADEX INTERNATIONAL, INC.** | |
| **Defendant.** | |

## **WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiff Kuehne Chemical Company, Inc. ("Kuehne") brings this action alleging fraud, conversion, breach of fiduciary duty, unjust enrichment, promissory estoppel, indemnity, and intentional interference with contractual relations against Adex International, Inc. ("Adex"). This matter comes before the Court on Adex's motion to dismiss for improper venue under Fed. R. Civ. P. 12(b)(3) or the doctrine of *foreign non conveniens*. Alternatively, Adex moves to transfer this case to the Southern District of Florida. For the reasons stated below, the Court will transfer this action to the Southern District of Florida.

## **I.   BACKGROUND**

Unless otherwise stated, the following facts are alleged in the complaint. In 2011, Plaintiff Keuhne, a New Jersey company, entered into a contract ("the EPC Contract") with non-party Conve AVS Vega Mesa LLC ("CAVM") – a Florida limited liability company – to construct a bleach manufacturing facility in South Kearny, New Jersey ("the Project"). The EPC Contract provided that Kuehne would pay CAVM approximately $11 million for minor equipment needed for the Project. While Defendant Adex was not a party to the EPC Contract, it entered into a separate agreement ("the Agreement") with CAVM under which Adex would procure minor equipment as defined in the EPC Contract. CAVM entered into the Agreement with Adex because it believed that Adex could obtain minor

1

equipment at a discount. In light of the Agreement, the EPC Contract provided that Kuehne would submit minor equipment payments directly to Adex rather than CAVM.

The complaint alleges that Kuehne agreed to this arrangement only after Adex assured that it (i) would receive Kuehne's payments based on actual purchase orders from vendors; (ii) would make payment to vendors for the total amount received by Kuehne; (iii) would not mark-up purchase orders or receive any amount as a fee for compensation; and (iv) would accept as its sole compensation savings realized on the purchases of minor equipment. Limited venue-related discovery shows that Adex representatives gave these assurances to Kuehne representatives at an October 2010 meeting that took place in South Kearny, New Jersey.

The complaint alleges that contrary to its representations, Adex (1) marked up its purchase orders; (2) did not pay vendors in full; and (3) submitted invoices to Kuehne for purchase orders it did not place. Accordingly, Kuehne alleges the following causes of action against Adex: (1) fraud; (2) conversion; (3) breach of fiduciary duty; (4) unjust enrichment; (5) promissory estoppel; (6) common law indemnity; and (7) intentional interference with existing contractual relationships. CAVM has also sued Adex in Florida state court, and has similarly accused Adex of wrongdoing in connection with the Agreement and the EPC Contract.

While conceding that the initial meeting between Kuehne and Adex took place in New Jerey, Adex argues that New Jersey is not a proper venue and that the complaint should be dismissed under Fed. R. Civ. P. 12(b)(3) or the doctrine of *foreign non conveniens*. Alternatively, Adex moves for transfer of this case to the Southern District of Florida.[1] In opposition, Kuehne contends that the District of New Jersey is a proper venue.

## II.   DISCUSSION

Federal Rule of Civil Procedure 12(b)(3) provides for a motion to dismiss for improper venue. Fed. R. Civ. P. 12(b)(3). "Venue" is defined by statute at 28 U.S.C. § 1391, which sets forth where venue may properly be laid. Under 28 U.S.C. § 1391(b), a civil action may be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). "In many cases . . . a plaintiff may properly file his action in more than one venue." *Nat'l Micrographics Sys., Inc. v. Canon U.S.A., Inc.*, 825 F. Supp. 671, 679 (D.N.J. 1993).

---

[1] Adex also submits that if the case does remain in New Jersey, CAVM should be joined as a party. Adex further argues that Kuehne has failed to state a claim upon which relief can be granted.

2

Because a substantial part of the events or omissions giving rise to Kuehne's claims occurred in New Jersey, the Court finds that venue is proper here. Venue-related discovery has revealed that Adex made its alleged misrepresentations to Kuehne a meeting that took place in South Kearny, New Jersey. Therefore, at least with respect to Kuehne's fraud claim, New Jersey is a proper venue. *See, e.g., Fox v. Dream Trust*, 743 F.Supp.2d 389, 396 (D.N.J. 2010) (where claims arise out of injurious misrepresentations conveyed within a forum, venue is proper in that forum); *Leone v. Cataldo*, 574 F.Supp.2d 471, 485 (E.D.Pa. 2008) (venue proper in district where alleged misrepresentations were made). Similarly, Kuehne received the allegedly fraudulent invoices from Adex in New Jersey. *See Itche Corp. v. G.E.S. Bakery, Inc.*, No. 08-CV-3103, 2008 WL 4416457, (D.N.J. Sept. 24, 2008) (venue proper in forum where billing statements were received). Therefore, venue is proper.

Adex argues that even if venue is proper under Rule 12(b)(3), the case should be dismissed under the doctrine of *forum non conviens*, or alternatively, transferred to the Southern District of Florida. As other courts in this circuit have done, the Court will interpret Adex's request for a transfer as a request made pursuant to 28 U.S.C. §1404. *See Jaff & Hough, P.C. v. Baine*, No. 09-3000, 2010 WL 844748, *4 (E.D.Pa. March 10, 2010) (citing *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.* 549 U.S. 422, 430 (2007)).

28 U.S.C. §1404 provides that "[f]or the convenience of the parties and the witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Adex is a Florida corporation with its principle place of business in Florida; it is therefore readily apparent that this case could have been filed against Adex in Florida. *See, e.g., Yang v. Odom*, 409 F.Supp.2d 599, 604 (D.N.J. 2006) (citing *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 24 (3d Cir. 1970).

Having found that this action could have been brought in Florida, the Court must now determine whether transfer is appropriate by considering both the private and public interests. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995) (internal citations omitted). Private interests include plaintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses—but only to the extent that the witnesses may be unavailable for trial in one of the fora; and the location of books and records. *Id*. Public interests include enforceability of the judgment; practical considerations that could make trial easy, expeditious, or inexpensive; the relative administrative difficulty each fora would face due to court congestion; the local interest in deciding local factors at home; the public policy of the fora; and the familiarity of the judge with the applicable state law in diversity cases. *Id*.

The Court finds that the private factors favor transfer to the Southern District of Florida. In doing so, the Court acknowledges that a plaintiff's choice of venue should not be lightly disturbed. *Danka Funding, L.L.C. v. Page, Scrantom, Sprouse, Tucker & Ford, P.C.*, 21 F.Supp.2d 465, 474 (D.N.J. 1998) (citing *Jumara*, 55 F.3d at 879)). However, the unique circumstances of this case require that this case be transferred to Florida. First and foremost, non-party CAVM has already sued Adex in Florida state court, similarly alleging that Adex committed wrongdoing in connection with the Agreement and the EPC Contract. Transfer of venue is likely appropriate where a closely related lawsuit has already been filed in a different geographic location. *See, e.g., Garlick v. Quest Diagnostics, Inc.*, No. 06-6224, 2010 WL 1490923, *3 (D.N.J. Apr. 13, 2010) (transferring case to Pennsylvania where party was already defending similar suit in Pennsylvania state court); *CIBC World Markets, Inc. v. Deutsche Bank Securities, Inc.*, 309 F.Supp.2d 637, 650 (D.N.J. 2004) ("[r]equiring [defendants] to defend factually and legally related cases in both Minnesota and New Jersey would definitely cause them inconvenience that could be eliminated if the case were transferred."); *In re Amkor Technology, Inc. Sec. Litig.*, No. 06-298, 2006 WL 3857488, *6 (W.D.Pa. Dec. 28, 2006) ("A compelling factor in favor of transferring venue in this case to the District of Arizona is that there are currently two cases pending in Arizona – one in federal court and the other in state court – that address the same matter.") Indeed, if the Court were to keep this case in New Jersey, Adex, CAVM, and minor parts vendors would be simultaneously engaged in two substantially similar lawsuits occurring at opposite ends of the eastern seaboard.

Moreover, while Adex made its alleged misrepresentations to Kuehne in New Jersey, other aspects of Kuehne's complaint is more largely connected to Florida. For example, much of Kuehne's complaint is grounded in allegations that Adex committed misconduct when acting as a middleman between CAVM, a Florida company, and numerous minor parts vendors, many of which are also based in Florida. Therefore, not only did much of the alleged wrongdoing in this case occur in Florida, many of the relevant documents and other evidence are also located in Florida.

Public factors similarly weigh in favor of transfer. Practical considerations indicate that it would be more expeditious to try this case in the geographic location where CAVM's lawsuit is already pending. If this case were not transferred, numerous witnesses would be required to travel back and forth to participate in two litigations taking place in different parts of the country. This scenario would not only impose a serious inconvenience on those witnesses, it would also cause significant scheduling delay issues that would hinder this Court's ability to move the case along expeditiously. In light of those circumstances, both the public and private factors favor transferring this case to the Southern District of Florida.

### III.    CONCLUSION

While there is enough of a connection between Kuehne's claims and New Jersey to withstand a Rule 12(b)(3) motion, transfer to the Southern District of Florida is nonetheless

appropriate. This case could have been brought in Florida, many of the operative facts occurred in Florida, most of the non-party witnesses are in Florida, important documents are in Florida, and perhaps most importantly, a lawsuit arising out of the same subject matter has already been filed in Florida. The case will therefore be transferred to the Southern District of Florida.

                                              /s/ William J. Martini
                                **WILLIAM J. MARTINI, U.S.D.J.**

**Date: November 5, 2015**